**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL COLLINS, on Behalf of Herself and all Others Similarly Situated,<br><br>                              Plaintiff,<br>      v.<br><br>EDUCATION SOURCE, INC.,<br><br>                              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Laurel Collins ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Between November 25, 2015 and November 30, 2015, defendant Education Source, Inc. ("Defendant"), doing business as academicdegrees.net, called Plaintiff on her cellular telephone using an autodialer and/or an artificial or prerecorded voice six separate times.  Plaintiff did not give Defendants prior express written consent to make these calls.

2. The following chart shows each date and time that Defendant called Plaintiff on her cellular telephone:

| Date | Time | Number Calling |
|---|---|---|
| 11/25/15 | 8:09 AM | (213) 375-0539 |
| 11/25/15 | 12:24 PM | (213) 375-0539 |
| 11/25/15 | 12:24 PM | (213) 375-0539 |
| 11/25/15 | 12:24 PM | (213) 375-0539 |
| 11/25/15 | 12:24 PM | (213) 375-0539 |
| 11/30/15 | 8:22 AM | (213) 375-0539 |

3. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

4. Plaintiff Laurel Collins is, and at all times mentioned herein was, a resident of Vallejo, California and a citizen of the State of California.

5. Defendant Education Source, Inc. is a corporation registered in the state of Florida with its headquarters located at 3740 S Acean Blvd, Suite 409, Highland Beach, FL 33487.

CLASS ACTION COMPLAINT    1

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.     The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect

consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendant's Robocalls to Plaintiff and Class Members**

13.     Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendants.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendants.  Plaintiff has never provided Defendants with his telephone number.

14.     During each call that Plaintiff received from Defendant, she asked Defendant to stop calling her, but Defendant kept calling.

15.      Each time Plaintiff answered the phone during these calls, she heard a pause or dead air before anyone on the line began to speak, indicating use of an automatic telephone dialing system.  The numerous impersonal calls during a short period of time that Plaintiff and others have received indicate that Defendant was using an autodialer to make these telephone calls.

16.     When Defendant finally began to speak on these calls, the operator identified herself as a representative of academicdegrees.net.  Likewise, when (213) 375-0539 is called, an operator answers identifying herself as a representative of academicdegrees.net.

17.     On educationsource.us, which is registered to Defendant, Defendant identifies academicdegrees.net as a part of Education Source, Inc.

18.     Online consumer complaints regarding Defendants' unsolicited telemarketing robocalls from this same telephone number are legion:

- Some academic education crap call non stop[1]
- This number has called several times in the last few days.  I don't answer calls from numbers I don't recognize.  And they never leave messages.  ANNOYING![2]
- Calls me daily, leaves no message. I don't answer numbers that I don't recognize. This started going on 2 weeks ago[3]
- Something about continuing education. They call non-stop though, which is annoying.[4]

---

[1] http://800notes.com/Phone.aspx/1-213-375-0539 (last checked February 12, 2016).
[2] *Id.*
[3] *Id.*
[4] *Id.*

CLASS ACTION COMPLAINT                                                                                               3

- Call constantly and says nothing[5]
- Try to callback and reach different operator almost everytime. They try 2 speak very fast when you start asking questions. I was told "don't answer for 2 days and I'll be off the list by Pelelopie" I asked for her direct # 23 375 0360, and was told if I returned the call after the 2 days that I would be placed back on the list. I'm pretty sure the "no callback" law is being violated. I was hungup on when I inquired further!!!!![6]
- Trying to sell schooling! SCAM![7]
- Calls every single day!! Doesn't let you talk!!! I just hang up[8]
- Harrassment[9]
- Received unsolicited call.[10]
- keeps calling, leaves no msg[.]  Caller: Academic Degrees[11]

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

20. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

---

[5] *Id.*
[6] https://www.shouldianswer.com/phone-number/2133750539 (last checked February 12, 2016).
[7] http://findwhocallsyou.com/213-375-0539 (last checked February 12, 2016).
[8] http://do-not-call.site/1-213-375-0539/2133750539 (last checked February 12, 2016).
[9] *Id.*
[10] http://www.callercomplaints.com/SearchResult.aspx?Phone=213-375-0539 (last checked February 12, 2016).
[11] *Id.*

CLASS ACTION COMPLAINT                                                                                       4

21. Plaintiff also proposes the following Autodialer Class definition:

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

22. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

23. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

24. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

25. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

26. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

        b. Whether Defendant's conduct was knowing and/or willful;

        c. Whether Defendant is liable for damages, and the amount of such damages, and

        d. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person who received numerous and repeated calls on her telephone using an artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

28. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

30. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

31. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

35. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

CLASS ACTION COMPLAINT                                                                                         7

40. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

    e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

CLASS ACTION COMPLAINT     8

| | |
|---|---|
| Dated:  February 12, 2016 | Respectfully submitted, |
| | **BURSOR & FISHER, P.A.** |
| | By:   */s/ L. Timothy Fisher*   <br>          L. Timothy Fisher |
| | L. Timothy Fisher (State Bar No. 191626)<br>Annick M. Persinger (State Bar No. 272996)<br>Yeremey O. Krivoshey (State Bar No.295032)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Email: ltfisher@bursor.com<br>           apersinger@bursor.com<br>           ykrivoshey@bursor.com |
| | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006)<br>888 Seventh Avenue<br>New York, NY  10019<br>Telephone: (212) 989-9113<br>Facsimile:  (212) 989-9163<br>E-Mail: scott@bursor.com |
| | *Attorneys for Plaintiff* |